ROGERS, Circuit Judge,
concurring in part and dissenting in part.
While the court on rehearing no longer holds that the Clean Air Act requires vaca-tur of the challenged rule authorizing the use of ozone-depleting chemicals, the court continues “to brush[ ] aside our exhaustive caselaw” on whether an erroneous rule should be remanded or vacated. Honeywell Int’l Inc. v. EPA 374 F.3d 1363, 1380 (D.C.Cir.2004) (Rogers, J., concurring in part and dissenting in part) (citing cases). Until the en banc court endorses the view expressed in Judge Randolph’s concurring opinion regarding vacatur, see id. at 1375 (Randolph, J., concurring), binding precedent requires a remand when vacatur might be unnecessarily disruptive, see id. at 1379-81 (Rogers, J., concurring in part and dissenting in part). Again, the court on rehearing declines to “engage the prudential inquiry our case law requires,” id. at 1380, ignoring that clarification by the agency may render the error harmless and that vacatur risks disruption to the regulatory scheme, including harm to the environment as a result of widespread use of ozone-depleting chemicals, see id. at 1379-80. Accordingly, while I concur in the withdrawal of Subpart III of Part II of the per curiam opinion, id. at 1373-74, which held that section 307(d)(9) of the Clean Air Act, 42 U.S.C. § 7607(d)(9) (2000), required vacatur of the challenged rule, I continue to dissent from the judgment vacating the rule, see Honeywell, 374 F.3d at 1381 (Rogers, J., concurring in part and dissenting in part), and I would grant rehearing.